IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Michael Allen Depew,** | Case No. 1: 22 cv 1251 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **Lon Stolarsky,** *et al.***,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

### Background

*Pro se* Plaintiff Michael Allen Depew has filed a civil rights complaint seeking damages and other relief against the City of Solon, Solon police officers James Cervik and Brad Lender, and Solon Prosecutor Lon Stolarsky. (Doc. No. 1.)[1] He has also filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted.

Plaintiff's complaint pertains to an incident that occurred, and to charges that were brought against him, after Officers Cervik and Lender responded to calls he and his wife made to the Solon Police Department on September 19, 2019. He alleges that his stepson was physically injured and detained by his father, who is a Solon Deputy Sheriff, and that both he and his wife called the Solon Police Department "regarding their taking [his stepson's] report." (Doc. No. 1 at ¶ 1.) When Officers

---

[1] He asserts he alleges claims under 42 U.S.C. § 1983, 28 U.S.C. § 2000e, and the Americans with Disabilities Act. (*See id*. at 1.)

Cervik and Lender responded, however, they did not take plaintiff's stepson's report, but instead, avoided taking his report and lectured his stepson. (*Id*. at ¶ 2.)

Plaintiff alleges that after he stepped outside to intervene and asked whether the officers were going to take his stepson's report, the officers purposefully engaged in a hostile verbal exchange with him and physically assaulted and arrested him. (*Id*. at ¶¶ 2-3.) He was subsequently charged with "Disorderly Conduct Intox," a charge of which he was subsequently found not guilty after a bench trial in Bedford Municipal Court. (*Id*. at ¶ 4.)

Plaintiff alleges that his "stepson's father is friends and knows the officers that responded to [his] home, having worked with one [of the officers] in the past," and that the officers assured his stepson's father that "there would be no problems for him" and that any complaint made against him would "fall on deaf ears." (*Id*. at ¶ 7.) Plaintiff contends he suffers from PTSD, that this was known to the officers and the City of Solon, and that the officers purposely interacted with him the way they did to provoke him and "to deflect from the Domestic Violence" report of his stepson. (*Id*. at ¶ 6.) He alleges the officers had been previously disciplined and retrained for improper conduct, and that after his wife filed complaints with the Solon Police Department regarding his arrest, the officers were also found to have acted improperly and disciplined with retraining in connection with his treatment. (*Id*. at ¶ 5.)

Plaintiff states that the "prosecutor and the City were on notice regarding the police issues and [the police officers'] conduct," and that the "prosecutor continued to prosecute the case for almost two full years while knowingly exacerbating [his] PTSD." (*Id*. at ¶ 8.) He contends his criminal case should have been dismissed "at the time of the retraining of the officers involved." (*Id*. at ¶ 12.) And he alleges that the City of Solon, while claiming "to be an advanced and diverse community

2

advertising Blue Ribbon programming and special needs housing," failed to properly train its police officers in handling Americans with disabilities. (*Id*. at ¶ 17.)

### Standard of Review and Discussion

Because plaintiff is proceeding *in forma pauperis* and seeks redress from a governmental entity and employees of a governmental entity, his complaint is subject to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Those statutes require the Court to review plaintiff's complaint, and to dismiss before service any portion of it that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). To survive a dismissal for failure to state a claim, a "'complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Id.* at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under §§ 1915(e)(2)(B) and 1915A). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Upon review, the Court will allow plaintiff's complaint to proceed past screening as against Officers Cervik and Lender and the City of Solon. Liberally construed in plaintiff's favor as they must be at this juncture, plaintiff's allegations are sufficient to suggest he has at least plausible federal civil rights claims against these defendants.

The Court, however, finds that plaintiff's complaint must be dismissed against Prosecutor Stolarsky. Absolute immunity bars a civil suit against a prosecutor for conduct that is "intimately

associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). This immunity attaches to conduct in court, as well as conduct "preliminary to the initiation of a prosecution and action apart from the courtroom." *Id*. at 431, n. 33. A functional approach applies in determining prosecutorial immunity, and a prosecutor is immune from suit based on conduct in performing such functions as deciding whether to bring charges, whether and when to prosecute, and whether to dismiss charges against a particular defendant. *Id*.

Here, the conduct of Prosecutor Stolarsky of which plaintiff complains characterizes conduct "intimately associated with the judicial phase of the criminal process" as to which the Prosecutor is absolutely immune from a civil rights suit.

### Conclusion

Accordingly, plaintiff's complaint is dismissed as against Prosecutor Stolarsky in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

This action may proceed as against the remaining defendants. The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process on the remaining defendants, and **a copy of this order shall be included in the documents to be served**.

**IT IS SO ORDERED.**

Date: October 5, 2022

s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE