IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MICHAEL ALLEN DEPEW, | Case No. 1:22-CV-01251 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| CITY OF SOLON, et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter comes before the Court upon the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) of Defendants City of Solon, James Cervik, and Brad Lender (collectively, "Defendants") filed on November 22, 2022 ("Defendants' Motion"). (Doc. No. 10.) Plaintiff Michael Allen Depew ("Plaintiff") did not file an opposition to Defendants' Motion.

For the following reasons, Defendants' Motion is GRANTED.

I. **Relevant Factual Background**

Plaintiff's *pro se* Complaint sets forth the following allegations. On September 21, 2019, Plaintiff's stepson was physically injured by his stepson's father, a Solon Deputy Sheriff. (Doc. No. 1, ¶ 1.) Plaintiff's stepson was then "detained by [his stepson's father] and a Solon [p]olice officer for 45 minutes prior to being returned home." (*Id.*) Both Plaintiff and his wife called the Solon Police Department "regarding their taking his [stepson's] report." (*Id.*) Defendants Cervik and Lender, both Solon patrol officers, responded but did not take Plaintiff's stepson's report. (*Id.* at ¶ 2.) Instead, Cervik and Lender lectured Plaintiff's stepson and avoided taking his report. (*Id.*) Plaintiff then stepped outside to "inquire" and asked whether the officers were going to take his stepson's report. (*Id.* at ¶ 3.) In response, Cervik and Lender engaged in a hostile verbal exchange with Plaintiff, and

then physically assaulted Plaintiff by grabbing him, dragging him off the front porch, and throwing him into the driveway. (*Id.*) Plaintiff was then arrested. (*Id.*)

That same day, September 21, 2019, Plaintiff was charged with "Disorderly Conduct Intox." Trial was held on June 23, 2021 in Bedford Municipal Court, and on July 15, 2021, Plaintiff was found not guilty. (Doc. No. 1-2 at 1.) At trial, the prosecutor introduced two videos as evidence, one of which the court found relevant. (*Id.*) The relevant video portrayed Defendants Lender and Cervik going to Plaintiff's home on September 21, 2019 and the incidents that led to Plaintiff's arrest. (*Id.*) Then, Defendant Cervik testified at trial, stating that the Plaintiff was intoxicated. (*Id.*)

The court concluded:

[T]he video and the officer's testimony established that the Defendant [Plaintiff, here] came onto the porch shortly after the officers arrived at the residence at approximately 10 p.m. Defendant proceeded to open and drink a beer in the presence of two officers, his wife and her minor son. The evidence established that the Defendant was initially quiet when the officers were talking to his wife and her child. The Defendant then joined the conversation with the 2 police officers. After a few moments, the Defendant became very upset and began shouting at the police officers. The Defendant used coarse and profane language directed at the officers in a loud manner and caus[ed] a disturbance in a residential area at night.

(*Id.* at 1-2.)

The court held that "the evidence established that the Defendant [Plaintiff, here] was acting in a disorderly manner when he was shouting and using coarse language at 10 p.m. in a residential area in the presence of two or more persons." (*Id.* at 2.) However, the court also held that the prosecution did not establish beyond a reasonable doubt that Plaintiff was intoxicated. (*Id.*) The court determined that while the evidence established that Plaintiff was drinking a beer, and Defendant Cervik testified that Plaintiff "was intoxicated based upon his experience as a police officer," more "indicia of intoxication" was needed. (*Id.*) Thus, because the statute under which Plaintiff was

charged required a finding that Plaintiff was both disorderly and intoxicated, the court found Plaintiff not guilty. (*Id.*)

Plaintiff alleges that the "Solon Police Department was on notice that [Plaintiff is] disabled and specifically [has] PTSD." (Doc. No. 1, ¶ 6.) Plaintiff alleges that Defendants were on notice of his disabilities "due to [his] wife discussing [his] situation after a prior noise complaint." (*Id.* at ¶ 17.) According to the Complaint, the Solon Police Department "purposefully interacted with [Plaintiff] in such a way to agitate and aggravate [him] to deflect attention from the [d]omestic [v]iolence complaint." (*Id.*) Plaintiff alleges that his "stepson's father is friends and knows the officers that responded to [his] home, having worked with one [of the officers] in the past," and that the officers assured his stepson's father that "there would be no problems for him" and that any complaint made against him would "fall on deaf ears." (*Id.* at ¶ 7.) Plaintiff further alleges that Defendants Cervik and Lender "conspired to take the actions leading to [his] arrest." (*Id.* at ¶ 8.)

Plaintiff alleges that Defendants Cervik and Lender had been previously disciplined and retrained for improper conduct, and that after his wife filed complaints with the Solon Police Department regarding his arrest, the officers were also found to have acted improperly and disciplined with retraining in connection with his treatment. (*Id.* at ¶ 5.) According to a letter dated November 6, 2019, to Christina Joliat-Depew from Richard A. Tonelli, the Chief of Police of the City of Solon's Police Department, the police department conducted a "thorough review and investigation" of Joliat-Depew's complaint. (Doc. No. 1-3.) As to the results of the investigation of Joliat-Depew's complaints, the letter reads as follows:

> I find it unfortunate that I must admit to you that your complaint specifically related to a few remarks by the involved officers to Mr. Depew has been substantiated. The choice of words used by one officer attempting to establish familial custody and the expletive language by another officer is not what we expect or require from our staff.

3

> The employees involved directly in this matter have been referred through the Departmental Disciplinary process culminating in the implementation of mandatory training for the two officers.
>
> It is also equally clear, however, that although you were placed in a stressful and frustrating position that evening the balance of your accusations against the officers were found to be unsubstantiated. As a result of our investigation we find that our officers[] were well within the scope of applicable law, rule, policy and procedure related to the following accusations:
>
> - The accusation that police response was delayed.
> - The accusation that police had a contentious interaction with your son.
> - The accusation that police beat up Mr. Depew.
> - The accusation that police threw a statement form at you.

(*Id.*)

According to the Complaint, the "prosecutor and the City were on notice regarding the police issues and [the police officers'] conduct," but the "prosecutor continued to prosecute the case for almost two full years while knowingly exacerbating [his] PTSD." (Doc. No. 1, ¶¶ 8, 12.) Plaintiff contends his criminal case should have been dismissed "at the time of the retraining of the officers involved." (*Id.* at ¶ 12.) Plaintiff alleges that the City of Solon, while claiming "to be an advanced and diverse community advertising Blue Ribbon programming and special needs housing," failed to properly train its police officers in handling Americans with disabilities. (*Id.* at ¶ 17.) Further, Plaintiff alleges that amending his criminal charge on the eve of trial was a violation and abuse of process. (*Id.* at ¶ 18.)

As a result of Plaintiff's criminal case and the way he was treated, Plaintiff "suffered tremendous setbacks in [his] disability," including a "nervous breakdown resulting in serious hospitalizations." (*Id.* at ¶ 15.) Plaintiff alleges that he has "suffered losses financially, personally[,] and [his] family has suffered." (*Id.*)

II.     **Procedural History**

On July 15, 2022, *pro se* Plaintiff filed a civil rights complaint seeking damages and other relief against the City of Solon, Solon police officers James Cervik and Brad Lender, and Solon Prosecutor Lon Stolarsky, in their individual and official capacities. (Doc. No. 1 at 1.) Plaintiff's Complaint alleges claims under 42 U.S.C. § 1983, 28 U.S.C. § 2000e, the Fourth Amendment for malicious prosecution and abuse of process, and the Americans with Disabilities Act. (*Id.*) Plaintiff also filed a motion to proceed *in forma pauperis* (Doc. No. 2), which this Court granted (Doc. No. 3).

Because Plaintiff is proceeding *in forma pauperis* and seeks redress from a governmental entity and employees of a governmental entity, the Court conducted an initial screening of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Those statutes require the Court to review the complaint, and to dismiss before service any portion of it that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Upon the Court's review, the Court dismissed Plaintiff's claims against Prosecutor Stolarsky on October 5, 2022. (Doc. No. 3.) The Court held that since Stolarksky's alleged conduct was "intimately associated with the judicial phase of the criminal process," he was absolutely immune from a civil rights suit. (*Id.* at 4.) The Court allowed the action to proceed as to the remaining defendants. (*Id.*)

On November 22, 2022, Defendants filed their instant Motion to Dismiss. (Doc. No. 10.) Plaintiff did not oppose Defendants' Motion. Thus, Defendants' Motion is now ripe for review.

### III.     Standard of Review

In their Motion, Defendants move to dismiss Plaintiff's Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6), the Court accepts Plaintiff's factual allegations as true and construes the Complaint in the light most favorable to Plaintiff. *See Gunasekara v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). To survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

The measure of a Rule 12(b)(6) challenge—whether the Complaint raises a right to relief above the speculative level—"does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. Nat. Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555-56). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim

is and the grounds upon which it rests.'"'" *Gunasekera*, 551 F.3d at 466 (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)). Nonetheless, while "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

**IV.     Analysis**

As an initial matter, by not opposing Defendants' arguments in their Motion to Dismiss, Plaintiff has waived any opposition thereto. *See Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008) (finding that a plaintiff's failure to oppose arguments raised in the defendants' motion to dismiss is grounds for the district court to assume that opposition to the motion is waived); *Scott v. State of Tenn.*, 1989 WL 72470, at *2 (6th Cir. 1989) (noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion [to dismiss], then the district court may deem the plaintiff to have waived opposition to the motion"); *see also Selou v. Integrity Sol. Servs., Inc.*, 2016 WL 612756, at * 3 (E.D. Mich. Feb. 16, 2016) ("Plaintiff's failure to address any claim but her TCPA claim in response to LiveVox's motion to dismiss is cause for dismissing those claims."); *Ullmo v. Ohio Tpk.*, 126 F. Supp. 3d 910, 919 (N.D. Ohio 2015) (finding that the plaintiff abandoned claim where he failed to respond to defendant's motion to dismiss); *Dykema Excavators, Inc. v. Blue Cross & Blue Shield of Mich.*, 77 F. Supp. 3d 646, 659 (E.D. Mich. 2015) ("[T]hese claims are subject to dismissal because the plaintiffs do not address or even mention them in their response to the motion to dismiss, and it appears that they therefore have abandoned them and now intend to make no effort to proceed upon them.") Thus, Plaintiff's failure to oppose Defendants' arguments constitutes sufficient cause to dismiss Plaintiff's claims against Defendants. Nonetheless, the Court will address the substance of Defendants' arguments.

### A. Statute of Limitations

Defendants argue that Plaintiff's claims pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act, and abuse of process under the Fourth Amendment are all time barred.

#### 1. 42 U.S.C. § 1983 claim—excessive force

Plaintiff claims Defendants violated his civil rights in violation of 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff does not specifically identify which of Defendants' alleged acts constitute violations of his civil rights, nor does Plaintiff specifically identify the clearly established right that arises from federal law that Defendants allegedly violated. Construing the *pro se* Plaintiff's complaint liberally, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), the Court construes Plaintiff's allegation that Defendants Cervik and Lender "physically assaulted" him during his arrest on September 21, 2019 (Doc. No. 1, ¶ 3), to be a claim of excessive force in violation of the Fourth Amendment.

Defendants argue that Plaintiff's claims pursuant to § 1983 are time barred because "the incident giving rise to Plaintiff's claims accrued no later than September 21, 2019," the statute of limitations for § 1983 claims is two years, and Plaintiff did not file his Complaint until July 15, 2022. (Doc. No. 10 at 3.) The Court agrees.

In *Browning v. Pendleton*, 869 F.2d 989 (6th Cir. 1989), the Sixth Circuit held that the "limitations period for § 1983 actions arising in Ohio is the two-year period in Ohio Revised Code ("O.R.C.") § 2305.10." *Id*. Since *Browning*, it is well-settled that, in Ohio, O.R.C. § 2305.10 is the appropriate statute of limitations in § 1983 cases. *See LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 (6th Cir. 1995); *see also Williams v. Schismenos,* 258 F. Supp. 3d 842, 853 (N.D. Ohio 2017) ("In Ohio, the statute of limitations for § 1983 actions is contained in Ohio Rev. Code § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual.").

The question of when the statute of limitations begins to run is governed by federal law. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). "The 'standard rule' is that a cause of action accrues 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" *D'Ambrosio v. Marino*, 747 F.3d 378, 384 (6th Cir. 2014) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "Stated differently, 'in determining when the cause of action accrues in § 1983 cases, we look to the event that should have alerted the typical lay person to protect his or her rights.'" *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003)).

The Court notes that a Rule 12 motion "is generally not an appropriate vehicle for dismissing a claim based upon the statute of limitations" unless "the allegations in the complaint affirmatively show that the claim is time-barred[.]" *Cheatom v. Quicken Loans*, 587 F. App'x 276, 279 (6th Cir. 2014). Here, Plaintiff's Complaint affirmatively shows that his claims under § 1983 are time barred. Plaintiff's § 1983 claims accrued on September 21, 2019, i.e., the date that Plaintiff was allegedly subjected to excessive force. (Doc. No. 1-2.) On that date, Plaintiff had all the facts that he needed to prosecute his claims of excessive force against Defendants.[1] *See Hodge v. City of Elyria*, 126 F. App'x 222, 224 (6th Cir. 2005) (holding that "when asserting a claim under § 1983 for the use of excessive force, the 'injury' occurs on the date of the constitutional injury, the date the allegedly excessive force is used"). Plaintiff did not file his Complaint until July 15, 2022, more than two years

---

[1] To the extent Plaintiff is seeking relief under § 1983 for his alleged Fourth Amendment abuse of process claims, that claim is likewise time barred by the two-year statute of limitations. *See infra.*

9

after the statute of limitations began to accrue. Thus, Plaintiff's claims against Defendants pursuant to § 1983 are barred by the statute of limitations and are hereby dismissed.[2]

### 2. Fourth Amendment abuse of process claim

Plaintiff alleges that Defendants violated the Fourth Amendment "for abuse of process."[3] (Doc. No. 1 at 1.) Plaintiff does not identify which of Defendants' alleged acts constitute abuse of process. Construing the *pro se* Plaintiff's complaint liberally, however, the Court construes Plaintiff's allegations that Defendants Cervik and Lender "conspired to take the actions leading to [Plaintiff's] arrest," and that Defendants Cervik and Lender "planned what to say" to "provoke[] and trigger[]" Plaintiff to "protect[] a fellow officer rather than perform their duty to investigate a domestic violence claim" (*id.* at ¶¶ 9, 13-14), to be a claim of abuse of process in violation of the Fourth Amendment.

No other allegation in Plaintiff's Complaint can come close to being construed as an allegation of abuse of process. *See Day v. DeLong*, 358 F. Supp. 3d 687, 707 (S.D. Ohio 2019) (recognizing that a plaintiff must demonstrate "that the proceeding has been perverted in order to attempt to accomplish an ulterior purpose for which it was not designed" to prevail on a claim for abuse of process); *see also Robb v. Chagrin Lagoons Yacht Club, Inc.*, 662 N.E.2d 9, 14 (Ohio 1996) ("In an abuse of process case, 'the improper purpose usually takes the form of coercion to obtain a collateral

---

[2] Finding that Plaintiff's claims against Defendants pursuant to § 1983 are barred by the statute of limitations, the Court need not address Defendants' further argument that the City of Solon is not liable under § 1983 because Plaintiff has failed to plead "any facts suggesting a policy or custom of the City of Solon that may have caused the constitutional deprivation he alleges." (Doc. No. 10 at 3-4.)

[3] Notably, the Sixth Circuit, "has not 'specifically determined whether a claim for abuse of process is a cognizable constitutional claim that can be redressed pursuant to § 1983.'" *Curran v. City of Dearborn*, 957 F. Supp. 2d 877, 887 (E.D. Mich. 2013) (quoting *Garcia v. Thorne*, 520 F. App'x 304, 311 (6th Cir. 2013)). Nevertheless, when the Sixth Circuit analyzes § 1983 abuse of process claims, it "assume[s] that the elements would likely mirror those of state law." *Garcia*, 520 F. App'x at 311. Thus, the Court will analyze Plaintiff's claim of abuse of process under the Fourth Amendment accordingly.

advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money, by the use of the process as a threat or a club.'" (quotation and alteration omitted)).

Defendants argue that Plaintiff's claims for abuse of process are time barred as "the incident giving rise to Plaintiff's claims accrued no later than September 21, 2019," the statute of limitations is two years, and Plaintiff did not file his Complaint until July 15, 2022. (Doc. No. 10 at 7-8.)

The Court construes Plaintiff's Fourth Amendment claim for abuse of process as a claim for relief pursuant to § 1983. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (holding that § 1983 "provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States"). As previously established, the statute of limitations for § 1983 claims in Ohio is two years. *Cooey*, 479 F.3d at 416.[4]

The Court determines that the statute of limitations accrued when the alleged abuse of process occurred, i.e., when Defendants Cervik and Lender allegedly provoked Plaintiff in an attempt to

---

[4] While Defendants are correct that the statute of limitations is two years, Defendants incorrectly point to the statute of limitations on claims for abuse of process brought under Ohio law (Doc. No. 10 at 7-8). Here, Plaintiff's claim is being brought under federal law, and thus, the statute of limitations for § 1983 claims applies. Further, Defendants incorrectly argue that the two-year statute of limitations for abuse of process claims brought against a political subdivision or its employees in Ohio is "well-established." (*Id.*) In fact, Ohio courts are split on the issue:

> Abuse-of-process claims are subject to a four-year statute of limitations. *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St. 3d 294, 300, 626 N.E.2d 115 (Ohio 1994) (citing Ohio Rev. Code § 2305.09). The Officer Defendants argue that a shorter, two-year statute of limitations applies because they are employees of a political subdivision. ECF Doc. 187 at 11 (citing *Read v. City of Fairview Park*, 146 Ohio App.3d 15, 764 N.E.2d 1079, 1081 (Ohio App. Ct. 2001)). In *Read* the Eighth District Court of Appeals interpreted Ohio Rev. Code § 2744.04(A), which provides for a two-year statute of limitations for claims against a political subdivision, to also apply to claims against employees of a political subdivision, which "prevails" over the general statute of limitations in § 2305.09. 764 N.E.2d at 1081-82. As our sister court has noted, *Read* has not been universally embraced by the Ohio courts. *Pippin v. City of Reynoldsburg*, Case No. 2:17-cv-598, 2019 WL 4738014, at *——, 2019 U.S. Dist. LEXIS 166351, at *23 (S.D. Ohio Sept. 27, 2019). And the Ohio Supreme Court has not expressed itself on the matter. *See Dolan v. City of Glouster*, 2014-Ohio-2017, ¶86 n.20 (Ohio Ct. App. 2014) (stating that *Read* is only binding in the Eighth District Court of Appeals).

*Bickerstaff v. Cuyahoga Cnty.*, 2022 WL 6252835, at *11 (N.D. Ohio Apr. 26, 2022), *relevant part adopted in* 2022 WL 4102742 (N.D. Ohio Sept. 8, 2022).

11

protect a fellow officer on September 21, 2019. On that date, Plaintiff had all the facts that he needed to prosecute his claims of abuse of process against Defendants. Plaintiff did not file his Complaint until July 15, 2022, more than two years after the statute of limitations began to accrue. Thus, Plaintiff's claims of abuse of process under the Fourth Amendment are barred by the statute of limitations and are hereby dismissed.[5]

### 3. Americans with Disabilities Act claim

Plaintiff claims that Defendants violated the Americans with Disabilities Act ("ADA"). (Doc. No. 1.) Plaintiff does not specifically identify which of Defendants' alleged acts constitute violations of the ADA, nor does Plaintiff identify what title of the ADA Defendants allegedly violated. Again construing the *pro se* Plaintiff's complaint liberally, the Court construes Plaintiff's claim that on September 21, 2019, Defendants Cervik and Lender purposefully interacted with Plaintiff "in such a way to agitate and aggravate" him, with knowledge of his PTSD diagnosis, in order to "deflect attention from the Domestic Violence complaint" (Doc. No. 1, ¶ 6), and Plaintiff's claim that the City of Solon did not properly train its officers "in handling Americans with disabilities" (*id.* at ¶ 17), as allegations of violations of Title II of the ADA.[6] Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be

---

[5] While not argued by Defendants, even if Plaintiff's Fourth Amendment abuse of process claims were not time barred, Plaintiff has failed to state a claim for which relief can be granted. Plaintiff fails to allege that Defendants had ulterior motives when they *arrested* Plaintiff, rather than when they arrived and allegedly provoked him, and an allegation that Defendants had "bad intentions" is not enough. *See Day*, 358 F. Supp. 3d at 708.

[6] To the extent Plaintiff's allegations that "[t]he prosecutor continued to prosecute the case for almost two full years while knowingly exacerbating [his] PTSD," and that the prosecutor was "made aware of the serious negative affect [sic] the drug [sic] out nature of the case had on [his] mental health" (Doc. No. 1, ¶¶ 8, 12), can be construed to be alleging violations of the ADA, such allegations are made against the prosecutor, who the Court has already deemed to have absolute immunity (Doc. No. 3). Thus, those claims have already been dismissed.

12

denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

Defendants argue that Plaintiff's ADA claim is time barred because "the incident giving rise to Plaintiff's claims accrued no later than September 21, 2019," the statute of limitations for ADA claims is two years, and Plaintiff did not file his Complaint until July 15, 2022. (Doc. No. 10 at 8.) Defendants further argue that Plaintiff's claims against Defendants Cervik and Lender fail because there is no individual liability under the ADA. (*Id.* at 8-9.)

First, to the extent that Plaintiff's claims were brought against Defendants Cervik and Lender in their personal capacities, the Court dismisses those claims because there is no individual liability under the ADA. *See Carten v. Kent State Univ.*, 282 F.3d 391, 396-97 (6th Cir. 2002).

Second, the Court holds that Plaintiff's remaining claims against Defendants under the ADA are time barred. ADA Title II claims are governed by a two-year statute of limitations. *Frank v. Univ. of Toledo*, 621 F. Supp. 2d 475, 483 (N.D. Ohio 2007). Accrual begins when "Plaintiff knew or had reason to know of the injury that is a basis for this lawsuit." *Id.* Here, Plaintiff knew of his injury on the date on which Defendants Cervik and Lender allegedly interacted with Plaintiff in a way that aggravated his PTSD, i.e., on September 21, 2019. Plaintiff did not file his Complaint until July 15, 2022, more than two years after the statute of limitations began to accrue. Thus, Plaintiff's ADA claims against Defendants are barred by the statute of limitations and are hereby dismissed.[7]

---

[7] While not argued by Defendants, Plaintiff also fails to plead the essential elements of an ADA claim under Title II. To establish a prima facie case of discrimination under Title II, a plaintiff must allege facts showing that he "(1) is disabled under the statutes, (2) is 'otherwise qualified' for participation in [a government] program, and (3) 'is being excluded from participation in, denied the benefits of, or subjected to discrimination' [under the program] because of his disability or handicap." *Gohl v. Livonia Pub. Schs. Sch. Dist.*, 836 F.3d 672, 682 (6th Cir. 2016) (quoting *G.C. v. Owensboro Pub. Schs.*, 711 F.3d 623, 635 (6th Cir. 2013)). Although Plaintiff alleges a disability, he does not allege that he was denied access to or the benefits of a government program or that he was discriminated against under a government program on account of his alleged disability. *See Lloyd v. City of* Streetsboro, 2018 WL 11298664, at *6 (6th Cir. Dec. 20, 2018).

### B. 42 U.S.C. § 2000e claim

Without any further explanation, Plaintiff alleges that Defendants violated 42 U.S.C. § 2000e ("Title VII"). (Doc. No. 1 at 1.) Defendants argue that they cannot be held liable because: (1) Title VII only applies to employers, and "Plaintiff has not pleaded any facts suggesting that the City of Solon was Plaintiff's employer"; (2) Plaintiff failed to exhaust his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission and obtaining a right-to-sue letter; (3) "there is no individual liability under Title IV and official capacity claims are redundant to claims against the employer itself"; and (4) even if the City of Solon was Plaintiff's employer, Title VII does not cover disability discrimination, "the only protected class identified in Plaintiff's Complaint." (Doc. No. 10 at 4-5.)

Title VII only applies to an employer's conduct and employment practices. *See* 42 U.S.C. § 2000e (titled "Unlawful employment practices"). Because Plaintiff fails to allege that any of the Defendants were Plaintiff's employer, the Court determines that Plaintiff fails to state a claim under 42 U.S.C. § 2000e. Accordingly, Plaintiff's claims pursuant to 42 U.S.C. § 2000e are dismissed.

### C. Fourth Amendment malicious prosecution claim

Plaintiff also alleges a malicious prosecution claim under the Fourth Amendment. (Doc. No. 1 at 1.) Plaintiff does not identify which of Defendants' alleged acts constitute malicious prosecution. In fact, Plaintiff's Complaint makes no reference to any acts committed by Defendants Cervik and

---

Further, Plaintiff fails to state a claim of failure to accommodate under Title II of the ADA. "The Sixth Circuit has not addressed the extent to which [Title II of the ADA] imposes a duty on arresting officers to make reasonable accommodations during an arrest, and there is a circuit split on the issue." *Peroli v. Huber*, 2021 WL 308102, at *9 (N.D. Ohio Jan. 29, 2021). Assuming its applicability, however, to state a claim of failure to accommodate, Plaintiff was required to allege that he requested an accommodation, which Plaintiff fails to do. *See Peroli v. Huber*, 2021 WL 5411215, at *11 (6th Cir. Nov. 19, 2021).

Lender that could be construed by this Court as allegations supporting a malicious prosecution claim. Any acts of malicious prosecution alleged against Prosecutor Stolarsky have already been dismissed. (Doc. No. 3.) Construing the *pro se* Complaint liberally, all that remains is Plaintiff's allegations against the City of Solon that "in the purview of the prosecutor or the mayor," Plaintiff's criminal "case should been dismissed at the time of the retraining of the officers involved," and that the prosecutor and the mayor were made aware of Plaintiff's disability and the impact of the case on his disability, yet "disregarded this information." (Doc. No. 1, ¶ 12.)

Defendants argue that Plaintiff cannot state a claim for malicious prosecution because Plaintiff has not and cannot allege that the State did not have probable cause for the prosecution for disorderly conduct pursuant to Ohio Rev. Code § 2917.11(B)(1). (Doc. No. 10 at 5-6.) Defendants argue that "while the State did not prove beyond a reasonable doubt that Plaintiff was voluntarily intoxicated, Officer Cervik unequivocally testified that Plaintiff was intoxicated," and thus, there was probable cause for the prosecution. (*Id.* at 7.)

> As the Sixth Circuit has explained:
>
> To state a valid federal civil rights claim for malicious prosecution in violation of the Fourth Amendment, a plaintiff must allege facts meeting four elements: "(1) a criminal prosecution was initiated against the plaintiff and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor." Robertson [v. Lucas], 753 F.3d [606,] 616 [6th Cir. 2014].

*Johnson v. Moseley*, 790 F.3d 649, 654 (6th Cir. 2015).

The Court determines that Plaintiff has not alleged that Defendants Cervik and Lender "made, influenced, or participated in the decision to prosecute." *See id.* Thus, Plaintiff's Fourth Amendment malicious prosecution claims against Defendants Cervik and Lender are dismissed.

15

As to Plaintiff's Fourth Amendment malicious prosecution claims against the City of Solon, the Court determines that Plaintiff has not alleged that "there was no probable cause for the criminal prosecution." *See Johnson*, 790 F.3d at 654. Indeed, probable cause existed here. "Probable cause is established where 'facts and circumstances [are] sufficient to lead an ordinarily prudent person to believe the accused was guilty of the crime charged.'" *MacDermid v. Discover Fin. Servs.*, 342 F. App'x 138, 146 (6th Cir. 2009) (quotations omitted). Here, the Bedford Municipal Court held that the prosecution established beyond a reasonable double that Plaintiff was disorderly. (Doc. No. 1-2 at 2.) While the Bedford Municipal Court held that the prosecution did not establish beyond a reasonable doubt that Plaintiff was intoxicated, the court did hold that the evidence established that Plaintiff was drinking a beer and that Defendant Cervik testified that Plaintiff "was intoxicated based upon his experience as a police officer." (*Id.*) The court simply determined that the law required more indicia of intoxication. (*Id.*) Nevertheless, evidence that Plaintiff was drinking a beer, combined with Defendant Cervik's testimony that Plaintiff was intoxicated based on his experience as a police officer, is evidence "sufficient to lead an ordinarily prudent person to believe" Plaintiff was intoxicated. Thus, Plaintiff has failed to state a claim for malicious prosecution under the Fourth Amendment and such claims are dismissed.

Accordingly, the Court GRANTS Defendants' Motion to Dismiss (Doc. No. 10).

**IT IS SO ORDERED.**

Date: February 27, 2023

    *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE